# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JESSE J. LOGAN, Inmate #S01791, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL NO. 06-588-MJR |
| ROBERT J. HERTZ, JOHN BESWISK, | ) | |
| ED WIEGERS, B. UNFRIED, and JOHN | ) | |
| DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, a former detainee in the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.   An action or claim is frivolous if "it lacks an arguable basis either in law or

in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

COUNT 1:   Against Defendant Unfried for deliberate indifference to Plaintiff's serious medical needs.

COUNT 2:   Against Defendants Hertz, Beswisk, Wiegers, and John Doe for unconstitutional punishment by subjecting Plaintiff to inadequate protection from the cold.

### GENERAL CONSIDERATIONS

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991). Although claims brought pursuant to section 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth

Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

### COUNT 1

Plaintiff states that in January 2003, prior to his detention in the Madison County Jail, he was diagnosed with kidney failure requiring regular dialysis treatment. Beginning in April 2004, Plaintiff was detained in the Madison County Jail. In June 2004, Plaintiff informed Defendant Unfried that he was vomiting blood and experiencing pain and informed her that Plaintiff believed these symptoms were related to kidney failure. Defendant Unfried told Plaintiff to vomit in a pan and return it to her. Plaintiff states, however, that Defendant Unfried never returned to check on Plaintiff. Several days later, Plaintiff saw an outside physician for a dialysis treatment, who diagnosed him with loss of blood due to vomiting and determined that Plaintiff was in need of a blood transfusion. Plaintiff states that Defendant Unfried was aware of Plaintiff's diagnosed kidney failure, yet she failed to provide him any treatment despite the risk of harm.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements.  The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'"  *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977.  As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  *Id.*  The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters*, 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied*, 520 U.S. 1230 (1997).  However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate;  it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm....  Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer*, 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm.  The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction).  However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur.  *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Based on these legal standards, Plaintiff has stated a claim of deliberate indifference against Defendant Unfried; Plaintiff may proceed against her on Count 1 of the complaint.

## COUNT 2

Plaintiff states that Defendants Hertz, Beswisk, Wiegers, and John Doe acted in conspiracy to deprive Plaintiff of his constitutional rights by repeatedly refusing to provide him with underclothing or a coat during his twice-weekly trips from the Madison County Jail to an outside dialysis treatment center.  Plaintiff states that during the fall of 2004, he made repeated requests for clothing to adequately protect him from the cold, but Defendants Hertz, Beswisk, Wiegers, and John Doe denied each request, despite their knowledge of his medical condition.  Plaintiff states that his condition was "dire" due to his anemia, a side-effect of his dialysis treatment.  Plaintiff states that as a result of not receiving adequate clothing during these trips, he contracted pneumonia.

A pretrial detainee may be subjected "to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 441 U.S. 520, 536-37 (1979).  Prisoners have an Eighth Amendment right to adequate clothing and shelter, including a right to protection from cold.

*See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). To assess whether cold cell temperatures constitute cruel and unusual punishment, courts must consider factors including "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Id.* at 644; *see also Palmer v. Johnson*, 193 F.3d 346 (5th Cir. 1999) (finding that exposure to extreme cold for 17 hours could constitute Eighth Amendment violation); *Henderson v. DeRobertis*, 940 F.2d 1055, 1058 (7th Cir. 1991) (finding that deprivation of blankets for four days in extreme cold could constitute Eighth Amendment violation). The cold need not present an imminent threat to the inmate's health to implicate the Eighth Amendment. *See Dixon*, 114 F.3d at 642.

Based on these legal standards, the Court cannot find that the repeated denials of adequate clothing for cold conditions does not amount to unconstitutional punishment under Bell. Accordingly, Plaintiff may proceed against Defendants Hertz, Beswisk, Wiegers, and John Doe on Count 2 of the complaint.

### DISPOSITION

**IT IS ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendant John Doe within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **2** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants Hertz,*

*Beswisk, Wiegers, and Unfried*.  The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendants Hertz, Beswisk, Wiegers, and Unfried* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.  Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Madison County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the

request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff  is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636©, *should all the parties*

*consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

### PENDING MOTION

Plaintiff requests that the Court appoint counsel to represent him in this matter (Doc. 8). Before the Court can consider a *pro se* plaintiff's motion for appointment of counsel, the plaintiff must make a showing that he has made reasonable efforts to secure counsel before resorting to the courts.  *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992).  Plaintiff states that he did attempt to contact several lawyers, but that only one responded, and that attorney would not take his case.

Even considering Plaintiff's efforts to retain counsel, the determination whether to appoint counsel is to be made by considering whether Plaintiff is competent to represent himself given the complexity of the case, and if he is not, whether the presence of counsel would make a difference in the outcome of his lawsuit.  *Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005)(*citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

Plaintiff has shown himself competent to read, express his thoughts in writing and follow directions generally.  Although he may be unskilled in the law with minimal understanding of court proceedings, most *pro se* litigants are similarly disadvantaged.  In this Court, persons representing themselves are not penalized for failing to know the rules applying to their cases.  In most instances, if proper procedure is not followed, the *pro se* litigant is directed to the relevant rule and given a second opportunity to comply.

Plaintiff's case is not particularly complex.  He contends that Defendants were deliberately indifferent to his medical needs, and the law governing Eighth Amendment claims relating to medical treatment of prisoners is well settled.  *See Estelle v. Gamble*, 429 U.S. 97 (1976).  Plaintiff does not need to pore over law books to obtain additional precedent.  His ability to succeed on his claim will rest entirely upon the facts presented on a motion for summary judgment or at trial.

Plaintiff's case is the kind of case that is likely to generate interest among members of the bar so it is important for Plaintiff to try to find counsel on his own.  Because the cost of medical experts is so great, most individuals suing for medical mistreatment of the serious nature required to state a claim under the Eighth Amendment seek out a lawyer who would be willing to take the case on a contingent fee basis.  This means that if the plaintiff wins, the cost of the experts will be recovered and the lawyer will be paid for his or her time and expenses in pursuing the case.  The contingent fee system serves as a reality check for litigants.  If no lawyer with a background in medical malpractice cases is willing to take Plaintiff's case, chances are high that the case is one the lawyers have assessed either as not likely to succeed or as not likely to result in a damage award large enough to recoup the expense of prosecuting the case.

If Plaintiff still wishes to be represented by counsel in the matter, he should continue to look for an attorney on his own.  As this process continues, Plaintiff will either find a lawyer willing to take the case or he will discover that no lawyer is willing to do so.  It is difficult for lawyers to decline to take a case when the Court asks them to do so.  Therefore, in an ordinary medical care case such as this one, it is inappropriate for a court to select a lawyer to take the case without regard for his or her assessment of the risks of incurring the expense of the lawsuit against the probability of succeeding on the merits of the case.  If Plaintiff is to be represented by counsel, he will have to

find counsel on his own.  Accordingly, Plaintiff's motion for appointment of counsel (Doc. 8) is

**DENIED**.

    **IT IS SO ORDERED.**

    **DATED this 12th day of July, 2007.**


                                        s/ Michael J. Reagan
                                        **MICHAEL J. REAGAN**
                                        **United States District Judge**