# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE J. LOGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CV-0588-MJR |
| ) | |
| ROBERT J. HERTZ, JOHN BESWISK, ) | |
| ED WIEGERS, B. UNFRIED, and ) | |
| JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On July 27, 2006, Plaintiff Logan filed this action alleging that Defendants deprived him of his constitutional rights in violation of 42 U.S.C. § 1983. On September 24, 2007, Defendants Hertz and Unfried filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 16). Logan failed to file any response to the motion to dismiss within 30 days as required by Local Rule 7.1(c). On November 13, 2007 (Doc. 24), the Court entered an Order to Show Cause, directing Logan to file a response by November 26, 2007. Logan again failed to file any response.

On February 5, 2008, Magistrate Judge Philip M. Frazier submitted a Report recommending that the undersigned District Judge grant the motion to dismiss, dismiss Logan's claim against Unfried (Count 1), and dismiss Logan's claim against Hertz (part of Count 2). The Report was sent to the parties along with a "NOTICE" informing them of their right to appeal by way of filing "Objections" within ten days of service of the Report. On February 22, 2008, Logan sent a brief letter to the Court stating that the notice was sent to the wrong correctional center and that he had only recently received the Report (Doc. 31). Logan further stated, "I'm submitting my

'objection' to the Report and Recommendation."

This letter was construed as a motion to reconsider (See Doc. 32). Magistrate Judge Frazier granted the motion to reconsider and gave Logan until March 14, 2008 to file his objections. On March 20, 2008, having received no objection from Logan, the Court adopted the Report and Recommendation and dismissed Logan's claims against Unfried and Hertz (Doc. 34). However, on March 24, 2008, the Court finally did Logan's objections to the Report and Recommendation (Doc. 35). The objections were dated March 14, 2008.

On July 3, 2008, the Court received another filing from Logan entitled, "Motion to Recall Mandate" (Doc. 38). The Court construes the motion as requesting relief under **FEDERAL RULE OF CIVIL PROCEDURE 60(b).** That rule permits the Court to relieve a party from a final order where there is mistake, inadvertence, surprise, or excusable neglect**.**

In his motion, Logan asks this Court to vacate its Order dismissing Unfried and Hertz. In support of the motion, Logan recognizes that he failed to submit any response to the underlying motion to dismiss. However, the Court's review does indicate that Logan mailed his objection to the Report and Recommendation on March 14, 2008 (Doc. 35)—the last possible date for filing his objection. As such, the Court mistakenly entered its order believing that Logan failed to file objections in this matter. It is now clear that his objection was timely filed and shall be considered.

As an aside, the Court notes that Hale suggests in his motion that as an inmate, it is impossible for him to obtain legal assistance, prepare responsive documents, or "comply with any of the Federal Rules of Civil Procedure." However, Logan's motion is not a formal motion to appoint counsel. Even if the Court were to construe it as such, pro se litigants have no constitutional

or statutory right to be represented by Court appointed counsel, and the Court has no obligation to appoint counsel. *Jackson v. County of McLean*, **953 F.2d 1070, 1072 (7th Cir. 1992) (quoting McNeil v. Lowney, 831 F.2d 1368 (7th Cir. 1987)).** Additionally, Plaintiff has failed to make the requisite showing that would enable the Court to appoint counsel on his behalf under **28 U.S.C. § 1915(e)(1)** and *Pruitt v. Mote*, **503 F.3d 647, 654 (7th Cir. 2007).** Though Logan has clearly been inattentive to the deadlines in this case, there is no indication that he is any less competent to litigate the claims in this action than the average pro se plaintiff.

Accordingly, the Court **GRANTS** Logan's motion pursuant to Rule 60(b) (Doc. 38) to the extent that the Court now **VACATES** its March 20, 2008 Order dismissing Unfried and Hertz (Doc. 34). Defendants shall respond to Logan's objections (Doc. 35) **no later than August 11, 2008.** At that time, the Court will rule on the merits of the underlying motion to dismiss (Doc. 16), considering the underlying motion, Logan's objections to the Report and Recommendation, and Defendants' response.

This ruling in no way affects any of the deadlines related to the newly pending Report and Recommendation (Doc. 39), which pertains to the motion to dismiss filed by Defendants Beswisk, Wiegers, and Doe (Doc. 36).

**IT IS SO ORDERED.**

**DATED this 10th day of July 2008.**

                                                  **s/ Michael J. Reagan**
                                                  **MICHAEL J. REAGAN**
                                                  **United States District Judge**